# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-40557
Summary Calendar

CELESTE WATKINS, As Next of Friend for AMW; ANTHONY WATKINS, Next of Friend for AMW

Plaintiffs - Appellants

v.

LA MARQUE INDEPENDENT SCHOOL DISTRICT

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
No. 3:06-CV-546

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants Celeste and Anthony Watkins filed this Title IX suit on behalf of A.M.W., their minor daughter, against defendant-appellee La Marque Independent School District claiming student-on-student sexual harassment. The district court granted defendant's motion for summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment. For the reasons stated below, we affirm the district court's final judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A.M.W. was a student at La Marque Middle School, which is part of the La Marque Independent School District (the "District"). The District qualified her to receive special education services as a child with mental retardation and speech impairment. According to the District's records, despite being in seventh grade and sixteen years of age, A.M.W. functioned at a second-grade level.

On April 6, 2005, A.M.W. was left unattended for approximately fifteen to twenty minutes in a classroom with J.S., a male special education student. J.S. exposed himself to A.M.W., grabbed her, kissed her, and raised her dress. Later that same day, A.M.W. reported to a special education aide that J.S. had "touched her." The aide separated the students but took no action until the next day when she reported the incident to her supervisor. In turn, the supervisor reported it to the principal, who called a meeting on April 8, 2005, two days after the incident.[1] The principal later contacted La Marque Independent School District police, who sent two officers to question A.M.W., J.S., and the teacher assigned to the classroom where the incident took place. No further police action was taken.

Rather than immediately remove J.S. from the school, the principal ordered that the two students be separated on different floors of the building and assigned A.M.W. an escort to be with her between all class periods. Subsequently, while A.M.W. was being escorted to her bus at the end of the day, J.S. shouted intimidating profanities at her. After this second incident, the District reassigned J.S. to a different campus.

---

[1] At some point prior to this meeting, A.M.W.'s godfather, who happens to work at the school, was made aware of the incident and was the first district employee to contact the parents informing them of A.M.W.'s report.

On August 14, 2006, Celeste and Anthony Watkins (collectively, the "Watkins") filed this suit on behalf of A.M.W. against the District alleging student-on-student sexual harassment under Title IX. On February 15, 2008, the District filed a motion for summary judgment. The Watkins filed a response in opposition. On April 22, 2008, the district court entered its Order Granting Defendant's Motion for Summary Judgment and Final Judgment dismissing the claim with prejudice.

The district court held that: (1) the harassment was not sufficiently severe to have the effect of denying A.M.W. access to education because it was a single incident, not a pattern of behavior, and did not reach the degree of offensiveness in the case law cited by the Watkins; and (2) the District was not deliberately indifferent to the harassment because the principal promptly contacted the police, made every attempt to separate the students, and removed J.S. after the verbal altercation.

The Watkins filed a timely notice of appeal of the district court's order and final judgment on May 21, 2008.

## II. DISCUSSION

We review a grant of summary judgment de novo, applying the same standards as the district court. Kirschbaum v. Reliant Energy, Inc., 526 F.3d 243, 248 (5th Cir. 2008). "Summary judgment is proper when the movant can demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law." Id.; see also FED. R. CIV. P. 56(c). We view all evidence in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. Kirschbaum, 536 F.3d at 248.

Title IX provides, in pertinent part, that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or

activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). A school's failure to respond appropriately to student-on-student sexual harassment may serve as the basis for a Title IX claim. See Davis v. Monroe County Bd. of Educ., 526 U.S. 629 (1999). The school district, as the recipient of federal funds, is liable for its own lack of corrective action rather than the actions of the offending student. Id. at 641. In order to establish such a claim, the plaintiff must show that: (1) the sexual harassment was "so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school"; (2) the district had actual knowledge of the sexual harassment; and (3) it acted with deliberate indifference to the harassment. Id. at 650. Here, the district court concluded that the District had actual knowledge of the harassment but also that the Watkins had not satisfied the first and third requirements.[2]

Simply because an act could be characterized as sexual harassment does not mean that it automatically rises to a level of severity that deprives a student of access to educational opportunities. See Gabrielle M. v. Park Forest-Chicago Heights, Ill. Sch. Dist. 163, 315 F.3d 817, 822 (7th Cir. 2003). "Whether gender-oriented conduct rises to the level of actionable harassment thus depends on a constellation of surrounding circumstances, expectations, and relationships." Davis, 526 U.S. at 651 (internal quotation marks and citation omitted). Such circumstances include, but are not limited to, the ages of the parties involved. Id. Courts should also take into account the fact "that children may regularly interact in a manner that would be unacceptable among adults." Id.

---

[2] The district court held that the actual knowledge requirement was satisfied based on the school's awareness of J.S.'s previous disciplinary record, which included violent acts and the display of pornographic material. On appeal, the District argues that this finding was in error. We do not need to reach this issue because the Watkins failed to satisfy the other two Davis requirements.

The Watkins argue that, in considering this element, the district court failed to fully account for A.M.W.'s mental retardation and that the misconduct in this case was actionable because "she is more in need of protection than most." This argument has some merit in light of the fact that Davis suggests that the relative ages of the harasser and victim are relevant in considering the severity of the harassment. Although A.M.W. was sixteen years of age, she had a mental capacity closer to that of an eight-year-old. Thus, it is appropriate to consider the factual scenario here as if it had happened to an eight-year old rather than a sixteen-year-old victim. However, even assuming that this incident happened to an unimpaired second-grade student, the alleged facts would still not reach the level of severity required by Davis.

Both the district court and the appellee cited numerous cases involving more egregious facts that were found to fall short of the sufficient level of severity to establish a Title IX claim. See, e.g., Gabrielle M., 315 F.3d at 822 (involving a male kindergarten student openly fondling himself and placing his hand in the pants of several students); Wilson v. Beaumont Indep. Sch. Dist., 144 F. Supp. 2d 690, 694–96 (E.D. Tex. 2001) (involving a single incident of forced sodomy). However, the Watkins are unable to provide an example of a case with equivalent or less serious facts that a court held to be actionable under Title IX. For example, in one case cited by the Watkins, a teacher, not another student, was the harasser. See Hart v. Paint Valley Local Sch. Dist., No. C2-01-004, 2002 WL 31951264, at *1 (S.D. Ohio Nov. 15, 2002); see also Davis, 526 U.S. at 653 (noting that the teacher–student relationship is relevant to the severity of the abuse). The other case cited by the Watkins was more severe in that it involved vaginal penetration and a subsequent incident of physical contact. See Doe v. Dallas Indep. Sch. Dist., No. 3:01-CV-1092-R, 2002 WL 1592694, at *1 (N.D. Tex. July 16, 2002). The district court correctly noted that Davis suggests that a single incident could hypothetically be sufficiently severe to be a deprivation of

access to education. 526 U.S. at 631. This case, however, is simply not so severe. While J.S.'s actions—exposing himself, kissing A.M.W., and lifting her skirt—are unquestionably inappropriate, this single event was not "so severe, pervasive and objectively offensive" to effectively deprive A.M.W. of access to education.

Turning to third Davis requirement, a defendant acts with deliberate indifference "only where [its] response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." Id. at 648. The deliberate indifference must "subject" the student to harassment, "[t]hat is, the deliberate indifference must, at a minimum, 'cause [students] to undergo' harassment or 'make them liable or vulnerable' to it." Id. at 644–45. Thus, merely negligent action is insufficient to state a claim. Id. at 642. The Watkins argue that the District was deliberately indifferent both before the incident—by not removing J.S. from the school based on his prior disciplinary record—and after the incident—by waiting until the verbal altercation to remove him.

Prior to the incident, J.S.'s record reads like that of a troubled student, but it was not so serious that it was unreasonable for the District not to have transferred him. After the incident, the District, in addition to requesting the District police to investigate, took several remedial actions clearly designed to prevent future incidents, including separating the students and providing A.M.W. with an escort at all times. By comparison, the school in Davis forced the harasser to continue to sit directly next to the victim in class for three months while the harassment of the victim and other students continued. Id. at 635. Moreover, the fact that the verbal altercation occurred, and that the remedial measures were not completely effective, does not mean that the District was deliberately indifferent. See Fitzgerald v. Barnstable Sch. Comm., 504 F.3d 165, 175 (1st Cir. 2007) (noting that reasonable actions designed to prevent future harassment are not always successful); see also Rost v. Steamboat Springs

RE-2 Sch. Dist., 511 F.3d 1114, 1123 (10th Cir. 2008) (noting that it is not clearly unreasonable for a school to not expel a student accused of sexual harassment). Under the high standard of deliberate indifference, a reasonable jury could not conclude that the district's decision to separate the students and provide A.M.W. with an escort rather than immediately expel J.S. was clearly unreasonable light of the circumstances.

Thus, the Watkins have failed to establish two of the Davis requirements for a student-on-student sexual harassment claim under Title IX.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's final judgment dismissing the claim with prejudice.